IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS BLACK, on behalf of himself and of all others similarly situated, | ) | CASE NO. 1: 15 CV 1731 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | JUDGE DONALD C. NUGENT |
| GENERAL INFORMATION SERVICES, INC., | ) ) ) | MEMORANDUM OPINION AND ORDER |
| Defendants. | ) | |

This matter is before the Court on Defendant, General Information Services' Motion to strike Class Claims. (ECF # 9). General Information Services ("GIS") argues that both of the proposed nationwide classes put forth by the Plaintiff necessarily fail because it would be impossible to determine class membership and/or liability without conducting an in depth, individual inquiry into the accuracy of each potential class member's credit report. Plaintiff filed a Response in Opposition to Defendant's Motion, and Defendant filed a Reply in further support. (ECF #14, 15). For the reasons that follow, Defendant's Motion is DENIED.

## I. PROCEDURAL AND FACTUAL BACKGROUND

The Complaint in this case asserts two claims on behalf of two separate purported nationwide classes. The first claim alleges that GIS provided inaccurate reports because it failed to follow "reasonable procedures" to assure "maximum possible accuracy" as required under § 1681e(b) of the Fair Credit Reporting Act ("FCRA"). The second claim asserts that GIS did not fulfill the mandates of § 1681k(a) of the FCRA by either sending notice to consumers when it reported public record information likely to have an adverse effect on a their employment opportunities, or by maintaining "strict procedures" designed to ensure that such information was "complete and up to date" when it was reported. These claims are brought on behalf of the named Plaintiff, Mr. Black, and on behalf of two purported classes defined as follows:

> (1) All natural persons residing within the United States who, within two (2) years prior to the filing of this action and through final judgment, were the subjects of any consumer report that GIS issued to an end-user for employment purposes that included inaccurate or expunged criminal charges.

> (2) All natural persons residing in the United States who, within two (2) years prior to the filing of this action and through final judgement, were the subjects of any consumer report that GIS issued to an end-user for employment purposes that included any adverse criminal or public record information that was not complete or up to date, but to whom GIS sent no notice prior to or contemporaneously with its provision of such report.

(Complaint ¶ 55).

The Complaint alleges that the violations at issue were willful violations of the FCRA. Further, although the FCRA allows a consumer to recover actual damages, Plaintiff seeks only statutory damages, for himself and the class. Defendant believes that the above defined classes cannot be certified under any circumstances. It, therefore, argues, that pursuant to Rules

23(c)(1)(A) and 23(d)(1)(D) of the Federal Rules of Civil Procedure, which direct the Court to decide class issues "[a]t an early practicable time," and amend pleadings as necessary to eliminate allegations about representation of absent persons, the Court should strike the class allegations prior to the allowance of any class discovery. Plaintiff disagrees that these classes are not certifiable, and contends, at the very least, that the appropriateness of class certification cannot be determined without the benefit of some amount of class discovery.

## II. DISCUSSION

### A. Standard of Review

The plaintiff bears the burden of proof in arguing that a potential class should be certified. *General Tel. Co. v. Falcon*, 457 U.S. at 161; *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 522 (6th Cir. 1976). "The class determination generally involves considerations that are 'enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" *Coopers & Lybrand*, 437 U.S. at 469 (quoting *Mercantile Nat'l Bank at Dallas v. Langdeau*, 371 U.S. 555, 558 (1963)). While the pleadings may be enough to determine "whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim . . . sometimes it may be necessary for the court to probe behind the pleadings" before deciding the issue of certification. *Falcon*, 457 U.S. at 160. Thus, it is appropriate for the Court to look not only to the pleadings but also to additional exhibits and information submitted by the parties in deciding the motion for certification.

A court must perform a "rigorous analysis" of the requirements of Federal Rule of Civil Procedure 23 in deciding whether to certify a class. *Falcon*, 457 U.S. at 147; *accord Stout v. J.D.*

*Byrider*, 47 F.3d 709, 716 (6th Cir. 2000). Rule 23 of the Federal Rules of Civil Procedure includes four prerequisites to maintaining a class action. FED. R. CIV. P. 23(a). Members of a class

> [M]ay sue . . . as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a). Thus, the named representatives may only be certified as a class under Rule 23 if the representatives meet the requirements of numerosity, commonality, typicality, and adequacy of representation.

Assuming the requirements of Rule 23(a) are met, the class action may be maintained only if it also meets the requirements of one of the subsections of Rule 23(b). FED. R. CIV. P. 23(b). Under Rule 23(b),

> An action may be maintained as a class action if . . .(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

FED. R. CIV. P. 23(b)(3). In addition to the Rule 23 requirements, both parties have noted that courts in this circuit have recognized that ascertainability of class members is a prerequisite of Rule 23. *See Romberio v. Unumprovident Corp.*, 385 F. App'x 423, 431 (6th Cir. 2009); *Givens v. Van Devere, Inc.*, 2012 U.S. Dist. LEXIS 131931, *15 (N.D. Ohio 2012).

Generally the courts within the Sixth Circuit recommend a district court should defer its decision on class certification until after discovery if the existing record is not conclusive as to the relevant class issues. *See, e.g., In re Cast Iron Soil and Pipe Fittings Antitrust Litig.*, No.

1:14-md-2508, 2015 U.S. Dist. LEXIS 121620, at *114-116 (E.D. Tenn. June 24, 2105). "[S]triking a plaintiff's class allegations prior to discovery and a motion for class certification is a rare remedy." *Modern Holdings, LLC v. Corning, Inc.*, No. 12-405-GFVT, 2015 U.S. Dist. LEXIS 44138, at *7 (E.D. Ky. Mar. 31, 2015)(citing *Weathers v. Peters Realty Corp.*, 499 F.2d 1197, 1200 (6th Cir. 1974)). "A motion to strike class allegations is not a substitute for class determination and should not be used in the same way." *Eliason v. Gentek Bldg. Prods., Inc.*, No. 1:10CV02093, 2011 U.S. Dist. LEXIS 94032, at *7-8 (N.D. Ohio Aug. 23, 2011).

### B. Analysis

#### 1. Ascertainability of the Class

Defendants argue that the alleged class membership cannot be ascertained without performing an individual review of each and every consumer report that GIS has issued within the class period. Defendants argue that the need for such an inquiry would preclude a finding that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, which is required for class certification. Plaintiffs, on the other hand, allege that the proposed classes meet the requirements of Rule 23(a) and 23(b)(3), and that, at the very least, there cannot be a proper determination of these issues without discovery.

"Ascertainability is not satisfied if the putative classes, as defined, are overbroad. *See, e.g., McGee v. East Ohio Gas Co.*, 200 F.R.D. 382, 388 (S.D. Ohio 2001); *Givens v. Van Devere, Inc.*, No. 1:11-CV-666, 2012 U.S. Dist. LEXIS 131934, at *40 (N.D. Ohio Apr. 27, 2012). Nor is the ascertainability requirement satisfied if the class members cannot be reliably and feasibly

identified. *See, e.g., Carrera v. Bayer Corp.*, 727 F.3d 300, 307-08 (3d Cir. 2013)." . *Rikos v. Procter & Gamble Co.*, No., 2014 U.S. Dist. LEXIS 109302 at 9-10. Defendants do not actually contend that the alleged class is overbroad or that it cannot be reliably determined. Rather they argue, in essence, that it will be difficult or over burdensome for them to have to provide the discovery that would allow the parties to identify the purported class members.

"'[T]he size of a potential class and the need to review individual files to identify its members are not reasons to deny class certification. Courts throughout the country have routinely used this definition. Courts in this Circuit routinely certify classes of purchasers of over-the-counter products where it will be impossible to identify and notice every member of the class. To deny certification on ascertainability grounds in this case would be to abandon the law in the Sixth Circuit that only requires that the class definition describe objective criteria that allows a prospective class member to identify himself or herself as having a right to recover or opt out based on the description." *Rikos v. Procter& Gamble Co.*, No. 1:11-CV-226, , 2014 U.S. Dist. LEXIS 109302 at 17-18, (citing *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 538 (6th Cir. 2012)).

In order to satisfy the requirement of ascertainability of the class, a court "must be able to resolve the question of whether the class members are included or excluded from the class by reference to objective criteria." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532 (6th Cir. 2012). Based on the allegations in the Complaint, the proposed class in this case appear to be defined by objective criteria. The Sixth Circuit does not require that the Defendant be able to specifically identify each class member, but only that a prospective class member be able to identify him or herself as having a right to recover or opt out based on the description of the class. *Rikos v.*

-6-

*Procter & Gamble Co.*, No. 1:11-CV-226, , 2014 U.S. Dist. LEXIS 109302 at 17-18. Further, the Sixth Circuit has rejected arguments similar to Defendant's in this case, finding that the argument that ascertainability would be difficult because Defendant has no easily available list of affected individuals is without merit and, if accepted, would undercut the entire purpose of class litigation. *Young* at 540 ("It is often the case that class action litigation grows out of systemic failures of administration, policy application, or records management that result in small monetary losses to large numbers of people. To allow that same systemic failure to defeat class certification would undermine the very purpose of class action remedies. We reject Defendants' attacks on administrative feasibility...").

Defendant's argument goes not to the ascertainability of the class, as the Sixth Circuit has defined it, but rather to the potential for over burdensome discovery or difficulty in the verification of the claims should the Plaintiffs prevail. These are issues to be addressed at a later time, and only if necessary. The class as proposed by the Plaintiff is objectively defined and potentially ascertainable. Further, there are allegations that the Defendant already has compiled records identifying many, if not all, of the purported class members. For these reasons, Defendant's motion to strike class allegations on the basis that the class(es) are not ascertainable is denied.

2. Common Questions of Fact or Law/Typicality of Plaintiff's Claims

Defendant also argues that the class allegations should be stricken because individual issues will inevitably predominate to such an extent that class treatment would not be appropriate. For a class action to be maintained under Rule 23(b)(3), the court must find that "questions of law or fact common to the members of the class predominate over any questions

affecting only individual members." FED. R. CIV. P. 23(b)(3). Further, the court must find that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." FED. R. CIV. P. 23(b)(3). According to the Supreme Court,

> [T]he predominance requirement of Rule 23(b)(3) is similar to the requirement of Rule 23(a)(3) that "claims or defenses" of the names representatives must be "typical of the claims or defenses of the class." The words "claims or defenses" in this context . . . "manifestly refer to the kinds of claims or defenses that can be raised in courts of law as part of an actual or impending law suit."

*Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 623 n.18 (1997) (citing *Diamond v. Charles*, 476 U.S. 54, 76-77 (1986) (O'Connor, J., concurring in part and concurring in judgment)). Further, while "[s]ubdivision (b)(3) parallels subdivision (a)(2) in that both require that common questions exist . . . subdivision (b)(3) contains the more stringent requirement that common issues 'predominate' over individual issues." *In re Am. Med Sys., Inc.* 754 F.3d at 1084 (quoting 1 *Newberg, supra*, §3.10, at 3-56). Essentially, "[t]he Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623.

Defendant does not argue that there are no common issues. Because this determination involves a balancing of many factors, this is generally not an issue that is appropriately decided prior to discovery. Defendant has cited to no cases where it appears that class allegations have been stricken on this grounds prior to discovery, and many of the cited cases are also clearly distinguishable on other grounds. Further, Plaintiff has cited a recent case, brought on similar grounds, which faced similar allegations that class issues did not predominate, in which courts have eventually certified a class. *Soutter v. Equifax Info. Servs., LLC*, 307 F.R.D. 183, 215-216, 2015 U.S. Dist. LEXIS 49995 (E.D. Va. 2015). When a court determines whether common

issues predominate, it "'is under a duty to evaluate the relationship between the common and individual issues' . . . and determine the relative weight and importance of the common and individual issues." *Rockey v. Courtesy Motors, Inc.*, 199 F.R.D. 578, 588 (W.D. Mich. 2001) (quoting 7A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure: Civil*, § 1778 at 518 (2d ed. 1986)). This balance can be better evaluated after discovery.

### III. CONCLUSION

For the reasons stated above, the Court finds that Defendant's Motion to Strike Class Claims is not supported at this time. Class discovery may proceed. A status conference is scheduled for March 9, 2016 at 9:30 a.m. IT IS SO ORDERED.

DATED: March 2, 2016

DONALD C. NUGENT
United States District Judge